IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:18-2856 |
| | § | |
| MANUEL POVEDA, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On September 9, 2024, the Court held a conference and heard the parties' arguments on the motion to set aside default (Dkt. 153) filed by one defendant, Manuel Poveda, Jr. On September 10, 2024, after considering the parties' arguments, written filings, all matters of record, and the relevant authorities, the Court denied the motion. *See* Dkt. 164. The Court now enters this memorandum opinion explaining its reasoning.

## I.    BACKGROUND

The plaintiff, Mark Hernandez, was formerly incarcerated in the Texas Department of Criminal Justice (TDCJ). He claims in this lawsuit that three TDCJ officers violated his constitutional rights when they used excessive force against him on November 28, 2016. Two defendants, Edgar Razo and Brady Preischel, appeared and answered. Hernandez, through his *pro bono* counsel appointed by the Court, made multiple attempts to serve Poveda, the third defendant. On November 10, 2022, Hernandez filed a status report stating that a private process server had confirmed a home address for Poveda through a neighbor and had attempted personal service at the address seven times without success

(Dkt. 75). Hernandez then filed a motion for substitute service by affixing service papers to the front door (Dkt. 74), which the Court granted on November 30, 2022 (Dkt. 76). On January 9, 2023, the process server completed service on Poveda. *See* Dkt. 77 (executed return of service at an address on Westfield Place in Houston).

Poveda did not appear in this action or answer the complaint. On October 20, 2023, the Court held a scheduling conference (Dkt. 92). The Court then entered a docket control order (Dkt. 93), setting trial for August 2024. On April 24, 2024, the Court granted Hernandez's request for entry of default against Poveda (Dkt. 95). The Clerk then entered default (Dkt. 96).

On June 14, 2024, Hernandez filed a motion for default judgment against Poveda (Dkt. 108). The Court then entered an order (Dkt. 113) instructing Hernandez to send the motion to Poveda at his last known address by certified mail, return receipt requested. The order further instructed Poveda to answer within 14 days and provided him with contact information for the defendants' counsel with the Office of the Attorney General. Hernandez sent the documents to Poveda at the Westfield Place address and filed a certificate of compliance (Dkt. 118).

On August 1, 2024, the Court denied a motion for summary judgment filed by Preischel and Razo (Dkt. 127). The Court held docket call on August 14, 2024 (Dkt. 150) and set a jury trial for September 17, 2024 (Dkt. 151).

On September 4, 2024, Poveda appeared and filed an answer (Dkt. 152). On September 6, he filed an opposed motion to set aside the default (Dkt. 153; *see* Dkt. 162 (sealed, unredacted exhibits)). Hernandez filed a response in opposition, arguing that

Poveda's conduct was willful and that Hernandez would be prejudiced if the default were set aside (Dkt. 159). In the alternative, Hernandez requested that his claims against Poveda be severed.

Poveda's motion to set aside the default stated that defense counsel had made multiple attempts to contact Poveda but had been unsuccessful until August 30, 2024, when counsel "made first contact" with Poveda (Dkt. 153, at 2). It also stated that Poveda is now amenable to discovery (*id*. at 4). The motion attached a two-page declaration from Poveda dated September 4, 2024, which stated that he "was informed that [he] was being sued by Plaintiff Mark Hernandez" on August 30, 2024, and that he contacted defense counsel on September 3, 2024 (Dkt. 153-1; Dkt. 162-1, at 2 (unredacted)). The declaration did not explain how or from whom he learned of suit on August 30. Poveda further stated that he had lived at the Westfield Place address from May 2022 until April 2023, where he often worked long days in the construction industry, "typically . . . from early in the morning until late in the evening" (Dkt. 162-1, at 2, at 2-3). This time period includes the dates on which Hernandez's process server made seven attempts to serve him at that address, as well as the date in January 2023 that the server completed substitute service by affixing papers to the front door. However, Poveda averred that, "[w]hile [he] was living at [the address on Westfield Place], [he] never received legal documents, a phone call, or text regarding this lawsuit" (*id*. at 3). He stated that he moved to an address in Willis, Texas, in May 2023, where he still lives.

Poveda's motion also attaches a letter from defendants' counsel to Poveda dated October 16, 2023 (Dkt. 153-2; Dkt. 162-2 (unredacted)). Counsel sent the letter to Poveda

at his address in Willis by certified mail, return receipt requested. The letter informed Poveda of the suit and offered him representation. Tracking information states that the United States Postal Service left Poveda notice of the letter on October 18 and a reminder on October 23, then returned the letter as unclaimed (Dkt. 153-3).

Finally, Poveda's motion attaches email correspondence between the Office of the Attorney General and a private investigator in May and June 2024 (Dkt. 153-4; Dkt. 162-3 (unredacted)). Personnel with the Office of the Attorney General retained the investigator to search for Poveda and provided him with several addresses, including the addresses on Westfield Place and in Willis. Although the records reflect that the investigator traveled to the Westfield Place address searching for Poveda, they do not indicate that he travelled to Willis or otherwise searched for Poveda there (Dkt. 162-3, at 1).

The Court held a conference on September 9, 2024, and heard the parties' arguments on the motion. Defense counsel argued that good cause exists to set aside the default and opposed the alternate request for severance. Hernandez argued that Poveda's conduct was willful, noting that Poveda had now confirmed that he resided at the address on Westfield Place when Hernandez served him with process in January 2023 and, moreover, that the daily work schedule described in his declaration does not explain why he did not receive the service documents affixed to his door. Hernandez further argued that defense counsel was aware of Poveda's address in Willis as early as October 16, 2023, but demonstrated a lack of candor when he failed to disclose the address to the Court at the conference on October 20, 2023, or in June 2024 when Hernandez, in compliance with the Court's

instructions, sent certified mail to Poveda using the Westfield Place address. Regarding prejudice, Hernandez argued that he filed this suit six years ago, had waited years to be heard on his claims, was ready for the scheduled trial date on September 17, 2024, and did not have time to complete discovery regarding Poveda before the trial date. He also argued that Poveda's presence at the trial would taint his claims against Preischel and Razo.

When asked by the Court how he had finally located Poveda on August 30, 2024, defense counsel stated that an attorney from TDCJ's Office of General Counsel had been able to contact Poveda. Defense counsel further stated that the attorney who reached Poveda on August 30 had been "covering" this case temporarily because TDCJ's assigned attorney was at a different trial; that the attorney had attempted to reach Poveda while covering the case; that she successfully contacted him; and that she immediately notified defense counsel. He offered no further explanation about how this attorney who was on the case for a short period was able to reach Poveda after all other attempts had been unsuccessful.

On September 10, 2024, the Court entered an order (Dkt. 164) denying the motion to set aside, finding willfulness and prejudice to Hernandez, and stating that a memorandum opinion would follow. In the same order, the Court granted Hernandez's motion to strike Poveda's answer.

On September 17, 2024, Hernandez's case against Preischel and Razo was tried to a jury, which returned a verdict on September 20. The jury found that Preischel was not liable. It found that Razo was liable and awarded Hernandez $780,000 in compensatory damages. *See* Dkt. 178.

## II.     LEGAL STANDARDS

Under Rule 55(c), a district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (cleaned up). Poveda, as the party challenging entry of default, has the burden to show good cause to set aside the default. *See Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). In determining whether good cause exists to set aside an entry of default, a court considers three factors: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Id.* (cleaned up). A court also may consider other factors, such as whether the party in default acted expeditiously to correct the default. *In re Chinese Mfd. Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

Courts universally favor trials on the merits and, therefore, a court "generally should grant motions to set aside a default" subject to the three factors listed above. *Moreno*, 800 F.3d at 698. Willfulness alone, however, is sufficient to deny the motion. "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Chinese Mfd. Drywall*, 742 F.3d at 594 (cleaned up). Whether service was perfected is not determinative of willfulness; courts also look to whether the defendant knew of the perfected service and the defendant's actions after service. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008); *see Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has upheld a finding of willfulness "where the lower court determined that the defendant simply chose to play

games with the court and chose to make a decision that he hadn't been served when, in fact, he had." *Jenkens*, 542 F.3d at 123 (citing *In re Dierschke,* 975 F.2d 181, 184 (5th Cir. 1992)); *see Koerner v. CMR Constr. & Roofing, L.L.C.,* 910 F.3d 221, 226 (5th Cir. 2018).

### III.   DISCUSSION

The Court first addresses willfulness.  Willful default is an "intentional failure" to respond to litigation.  *Lacy*, 227 F.3d at 292; *Dierschke*, 975 F.2d at 184.  Hernandez argues that Poveda willfully evaded service and refused to respond for years.

Poveda's only argument regarding willfulness is that his failure to act was not willful because he was not aware until August 30, 2024, that he is a defendant in this case. In support, he offers his declaration, which states without elaboration that "[w]hile [he] was living at [the address on Westfield Place], [he] never received legal documents, a phone call, or text regarding this lawsuit" (Dkt. 162-1, at 3).  However, the declaration also confirms that Poveda resided at the Westfield Place address from May 2022 through April 2023, when Hernandez's process server made seven attempts to serve him personally and spoke with his neighbors (Dkt. 75).  Although the declaration states that he worked long days in construction, this explanation does not support an absence of willfulness, given that the process server completed substitute service, as permitted by the Court, by affixing service documents to his door in January 2023 (Dkt. 77).  Poveda's conclusory statement in his declaration that he "never received" the served documents, without more, is inadequate.  In sum, Poveda's filings and his arguments at the hearing on September 9, 2024, offer no adequate explanation as to how he could have failed to receive the

documents on his door and supply no basis to conclude that his failure to act after being served was not willful.

Additionally, Poveda now acknowledges that he lived in Willis from May 2023 through the present day, and thus resided there when defense counsel sent him certified mail in October 2023 informing him of this suit and offering him representation. Despite two notices from the United States Postal Service, Poveda did not claim the letter.

Finally, defense counsel stated at the conference on September 9 that a substitute attorney successfully contacted Poveda on August 30, 2024, and informed him about this lawsuit. The Court notes that this fact is not included in Poveda's declaration. In any event, does not demonstrate that Poveda was unaware of the suit based on the completed service in January 2023.

Having carefully considered the parties' filings, arguments, and all matters of record, the Court in its discretion finds that Poveda's conduct was willful. This finding alone warrants the denial of Poveda's motion to set aside. *See Chinese Mfd. Drywall*, 742 F.3d at 594. Poveda has not met his burden to show good cause to set the default aside. *See Sindhi*, 905 F.3d at 332.

As an additional ground, the Court determines that Poveda did not meet his burden to show good cause because Hernandez would be prejudiced by setting aside the default. Poveda argues that "mere delay" is insufficient to show prejudice and that a plaintiff must show loss of evidence, increased difficulties in discovery, or greater opportunity for fraud and collusion. *See Lacy*, 227 F.3d at 293. However, Hernandez has clearly demonstrated, at a minimum, increased difficulties in discovery. The Court entered a docket control order

(Dkt. 93) in October 2023, setting docket call for August 14, 2024, and informing the parties that the case would be tried shortly thereafter. Poveda appeared on September 4, 2024, nearly a year after the docket control order, after discovery had closed, and only two weeks before the trial setting. As Hernandez argues, he filed this case in 2018 had waited approximately six years for a trial. After Poveda appeared, Hernandez did not have time to conduct adequate discovery regarding Poveda before trial on September 17, and argued that Poveda's attendance and participation at the trial would prejudice his case against Preischel and Razo. He further argued that additional delay of the case, on the eve of trial and after years of litigation, would be highly prejudicial. The Court determines that Hernandez has shown prejudice. Moreover, Poveda's representation that he now is amenable to discovery is insufficient to mitigate the prejudice to Hernandez, especially given Poveda's willful failure to respond.

## IV.   **CONCLUSION**

For the reasons stated above, the Court in its discretion determines that Poveda has not shown good cause to set aside the default. Therefore, his motion to set aside the default (Dkt. 153) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____September 30_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE