United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:18-2856 |
| | § | |
| MANUEL POVEDA, JR., *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark Hernandez, formerly an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), alleged in this case that three TDCJ officials used excessive force against him in violation of the Eighth Amendment. On April 25, 2024, the Clerk entered default against one defendant, Manuel Poveda, Jr. (Dkt. 95). On September 20, 2024, a jury returned a verdict regarding the other two defendants, finding that Brady Preischel was not liable, that Edgar Razo was liable, and awarding damages of $780,000 against Razo (Dkt. 178).

Before trial, on June 14, 2024, Hernandez filed a motion for entry of final judgment by default against Poveda (Dkt. 108). Poveda has not filed a written response, although defense counsel appeared for a conference on September 27, 2024, and argued in opposition to the motion. At the hearing, the Court permitted Hernandez to file supplemental briefing by September 30, 2024, at 10:00 a.m. and Poveda to respond by 12:00 noon on the same day. Later on September 27, Hernandez filed a supplemental motion with updated requests (Dkt. 188). Poveda did not file a timely response.

Having considered the pleadings, the motion, the briefing, the parties' oral arguments, the applicable authorities, and all matters of record, the Court will **GRANT** the plaintiff's motions for entry of default judgment against Poveda (Dkt. 108; Dkt. 188) in the amount of $800,000. The Court's reasons are explained below.

## I. BACKGROUND

Hernandez filed this suit while incarcerated and initially proceeded *pro se*. He filed a complaint (Dkt. 1) and, as instructed by the Court, a more definite statement (Dkt. 9). Hernandez alleged that, during a use-of-force incident, Poveda "repeatedly kicked [him] in [the] head and face" (Dkt. 1, at 3; *see id*. at 6 (Hernandez alleged that Poveda kicked him "while on the ground with Razo and Sgt. Preischel on me"; "my injuries were as a result of Pov[e]da repeatedly kicking me in the face"; "I suffered a concussion as a result of Pov[e]da repeatedly kicking me in the face and head"); *see also* Dkt. 108-1 (Hernandez affidavit)). His complaint requested relief of $50,000 "as well as le[gal] and medical expenses" (Dkt. 1, at 4).[1]

On July 9, 2019, the Court ordered that Hernandez's complaint be served on all three defendants through the Office of the Attorney General (OAG) for the State of Texas (Dkt. 10). The OAG advised the Court that the defendants were no longer employed with TDCJ, supplying their last known addresses (Dkt. 12). The Court then ordered service by the United States Marshal Service (Dkt. 15), which also was unsuccessful.

[1] Hernandez's counsel noted at a hearing on September 27, 2024, that Hernandez made his initial demand for relief when incarcerated and receiving medical care from TDCJ. He has since been released from TDCJ custody.

The Court requested three *Martinez* reports from the OAG (Dkt. 22; Dkt. 31; Dkt. 37) and a supplemental more definite statement from Hernandez (Dkt. 34). On September 17, 2021, the Court appointed *pro bono* counsel to represent Hernandez (Dkt. 42). Service then was completed on Preischel and Razo, each of whom filed an answer (Dkt. 60; Dkt. 90).

On January 9, 2023, after numerous attempts, a private process server completed service on Poveda (Dkt. 77; *see* Dkt. 76). Poveda did not appear in this action or answer the complaint. On April 25, 2024, the Clerk entered default against Poveda (Dkt. 95). On June 14, 2024, Hernandez filed the pending motion for default judgment against Poveda (Dkt. 108).

The Court held docket call on August 14, 2024 (Dkt. 150) and set a jury trial for September 17, 2024 (Dkt. 151). On September 4, 2024, Poveda filed an answer (Dkt. 152). On September 6, he filed an opposed motion to set aside the default (Dkt. 153; *see* Dkt. 162 (sealed, unredacted exhibits)). On September 10, the Court denied the motion to set aside the default and granted Hernandez's motion to strike Poveda's answer (Dkt. 164; *see* Dkt. 189 (memorandum opinion dated Sept. 30, 2024)).

On September 17, 2024, Hernandez's claims against Preischel and Razo were tried to a jury. Regarding damages, Hernandez presented the testimony of Dr. John C. Anigbogu, a life care plan expert. Dr. Anigbogu rendered his opinion about the costs of treating Hernandez's symptoms resulting from the use of force, including a traumatic brain injury, back injury, and mental health symptoms, as well as the costs of intensive therapy towards community reintegration and a return to gainful employment. His expert report

assessed the total amount needed as $1,027,070, which included a life care plan ($861,490) and intensive therapy ($165,580) (Dkt. 109-1; *see* Dkt. 108-2 (affidavit of Dr. Anigbogu)). Hernandez later withdrew the request for damages for intensive therapy and asked the jury to award him $861,490 for the life care plan, in addition to pain and suffering, mental anguish, and other elements considered separately.

At the close of evidence, the Court instructed the jury that, if it found that Preischel and/or Razo were liable, they were to consider damages against the liable defendant (Dkt. 177, at 7). The Court further instructed the jury that the damages awarded were only compensation for Preischel and/or Razo's wrongful conduct:

> If Plaintiff Hernandez wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered ***because of Defendant Preischel's or Defendant Razo's wrongful conduct***.
>
> You may award compensatory damages ***only*** for injuries that Plaintiff Hernandez proves were ***proximately caused by Defendant Preischel's or Defendant Razo's allegedly wrongful conduct***. The damages that you award must be fair compensation for all of Plaintiff Hernandez's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Preischel and/or Defendant Razo. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Hernandez has actually suffered or that Plaintiff Hernandez is reasonably likely to suffer in the future.

(*id*. at 8) (emphasis added). The instructions set out the following elements of damage, to the extent the jury found them proved by a preponderance of the evidence:

1. Physical pain and suffering experienced in the past;
2. Physical pain and suffering Plaintiff will experience in the future;
3. Mental anguish experienced in the past;

4. Mental anguish Plaintiff will experience in the future;

5. Loss of capacity for enjoyment of life experienced in the past;

6. Loss of capacity for enjoyment of life Plaintiff will experience in the future;

7. Physical disfigurement; and

8. Medical expenses Plaintiff will reasonably incur in the future.

(*id.* at 8-9). The jury question regarding damages asked the jury to decide "[w]hat sum of money, if any, would fairly and reasonably compensate Plaintiff Hernandez for the damages he suffered or is reasonably likely to suffer in the future as a result of Defendant(s)' violations of his constitutionally protected rights?" (Dkt. 178, at 4).

On September 20, 2024, the jury received the case. They sent two notes to the Court, including one asking, "Why is Manuel Poveda not a defendant in this case[?]" (Dkt. 174). After hearing the parties' positions, the Court responded with the following: "Manuel Poveda is a defendant in this case but he is not a part of this trial" (*id.*). Later that day, the jury returned a verdict finding that Preischel was not liable, that Razo was liable, and awarding damages of $780,000 against Razo (Dkt. 178).

On September 27, 2024, the Court heard the parties' oral arguments regarding the pending motion for entry of final judgment by default against Poveda. Later that day, Hernandez filed a supplemental motion with an updated request for fees and costs (Dkt. 188). Poveda did not file a response before his deadline of 12:00 noon on September 30, 2024.

From Poveda, Hernandez seeks $861,490 for the life care plan, in addition to $150,000 for pain and suffering, for a total of $1,011,490 (Dkt. 108; Dkt. 188).[2] He also seeks attorneys' fees, costs, and post-judgment interest.

Regarding attorneys' fees, Hernandez requests $37,371.30 for 141 hours of work from 2021 through 2024 to prosecute his claims against Poveda (Dkt. 188, at 2-5; *see* Dkt. 188-1 (counsel's affidavit); Dkt. 188-2 (time records)). He requests an hourly rate at 150% of the rate for court-appointed counsel, as permitted by 42 U.S.C. § 1988 and 42 U.S.C. § 1997e(d)(3), *i.e.*, rates of $232.50/hour for 2021; $237/hour for 2022; $246/hour for 2023; and $258/hour for 2024.[3] He further requests paralegal fees for 13.5 hours of work over four years at a rate of $125/hour.

Hernandez additionally requests $2,302.63 in costs for research expenses, court costs, and service fees (Dkt. 188, at 5-8 (citing 28 U.S.C. § 1920; 42 U.S.C. § 1988); *see* Dkt. 188-3 (records of costs)).

Hernandez has presented evidence that Poveda is not currently in military service (Dkt. 108-5).

---

2 Hernandez's original motion for default judgment, filed before trial, also requested $165,580 for intensive therapy (Dkt. 108). His counsel represented at the hearing on September 27, 2024, that, as with the other two defendants, Hernandez now has withdrawn this portion of his request.

3 *See* Payment Rates, Southern District of Texas, available at https://www.txs.uscourts.gov/page/payment-rates (last visited Sept. 30, 2024) (reflecting CJA rates of $155/hour for 2021; $158/hour for 2022; $164/hour for 2023; and $172/hour for 2024).

## II. LEGAL STANDARDS

A court's entry of default judgment is governed by Federal Rule of Civil Procedure 55(b)(2). A default judgment "is available as long as the plaintiff establishes: (1) the defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *2-3 (N.D. Tex. May 1, 2013) (cleaned up).

Default judgments are disfavored and appropriate only in extreme situations. *Rogers v. Hartford Life & Accident Ins. Co*., 167 F.3d 933, 936 (5th Cir.1999); *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). In the absence of intervening equities, any doubts generally should be resolved in favor of the party seeking a trial on the merits. *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000). However, this policy disfavoring default "is counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (cleaned up); *see Rogers*, 167 F.3d at 936. Under *Lindsey*, a court considers six factors:

1. whether material issues of fact are at issue;
2. whether there has been substantial prejudice;
3. whether the grounds for default are clearly established;

4. whether the default was caused by a good faith mistake or excusable neglect;
5. the harshness of a default judgment; and,
6. whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893; *see United States v. One Smith & Wesson SDV9VE Pistol, 9 MM; SN FEC0557*, No. 5:23-CV-49, 2024 WL 913697, at *2-3 (S.D. Tex. Mar. 4, 2024).

A court also must determine whether the plaintiff has sufficiently pleaded his claims for relief against the defendant in default. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see Wooton v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citing, *inter alia*, FED. R. CIV. P. 8(a)(2)). Thus a default judgment "is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu*, 515 F.2d at 1206; *see One Smith & Wesson*, 2024 WL 913697, at *3; *United States v. $37,603.00 in US Currency*, No. 4:20-CV-00222, 2021 WL 3013337, at *2 (S.D. Tex. July 16, 2021).

## III. ANALYSIS

### A. Entry of Default Judgment

The Clerk entered default against Poveda, and the Court denied Poveda's motion to set aside the default. Hernandez has presented evidence that Poveda is not in active military service, and nothing in the record suggests that Poveda is a minor or an incompetent person. *See* FED. R. CIV. P. 55(b)(2).

Considering the *Lindsey* factors, none weighs against entry of default judgment. First, no material facts are at issue. Hernandez pleaded that Poveda kicked him in the face and head during the use of force, causing him injury (Dkt. 1, at 3, 6). These well-pleaded facts are assumed to be true. *See Nishimatsu*, 515 F.2d at 1206. Second, the Court determines that Hernandez has been substantially prejudiced due to delay in this litigation and because, due to Poveda's absence at trial, he was unable to present evidence to the jury that Poveda kicked him in the head, which potentially could have resulted in a larger verdict. *See $37,603 in U.S. Currency*, 2021 WL 3013337, at *3 (noting the defaulting party had failed to respond or defend, "effectively halting the adversarial process"). Third, the grounds for default were clearly established because Poveda was served with process in January 2023 but failed to answer, and Hernandez waited over a year before requesting entry of default in March 2024. Fourth, the default was not caused by good faith mistake or excusable neglect; to the contrary, the Court has determined that Poveda's failure to respond to this litigation was willful (Dkt. 164; Dkt. 189). Fifth, entering a default judgment would not be unduly harsh because, as set out in the Court's opinion denying Poveda's motion to set aside the default, Poveda had notice of this lawsuit and opportunity to defend himself against Hernandez's claims (Dkt. 189). Finally, because the Court already has determined that Poveda's conduct was willful and that it caused prejudice to Hernandez, the Court would not think itself obliged to set aside the default.

Additionally, as set out above, Hernandez sufficiently pleaded his claim against Poveda. He alleged that Poveda used excessive force against him when he kicked Hernandez in the face and the head, while Hernandez was on the ground and restrained,

causing a concussion and other injury (Dkt. 1, at 3, 6; Dkt. 108-1). These well-pleaded allegations are taken as true and, additionally, are supported by Dr. Anigbogu's affidavit (Dkt. 108-2) and expert report (Dkt. 109-1), as well as medical records (Dkt. 109-2). Hernandez's pleadings sought relief of $50,000 "as well as le[gal] and medical expenses" (Dkt. 1, at 4).

Having considered and heard all the evidence of trial, and considering the record as a whole, the Court in its discretion determines that default judgment against Poveda should be entered.

**B. Damages**

Based on Dr. Anigbogu's report, Hernandez seeks damages from Poveda for physical injuries, medical expenses resulting from his injuries, and mental distress. He seeks $861,490 for a life care plan and $150,000 in pain and suffering, for a total of $1,011,490 (Dkt. 188, at 8). "Physical injury, pain and suffering, personal humiliation, mental distress, and embarrassment are compensable under § 1983." *Jones v. Conner*, 233 F.3d 574, *1 (5th Cir. 2000) (citing *Baskin v. Parker*, 602 F.2d 1205, 1209 (5th Cir. 1979); *Thompkins v. Belt*, 828 F.2d 298, 301-02 (5th Cir. 1987)).

At the hearing on this motion, defense counsel argued that Hernandez is not entitled to recover damages from Poveda for his life care plan because this would amount to "double recovery" after the jury verdict against Razo. However, the question submitted to the jury did not require the jury to apportion its award between damages for a life care plan, pain and suffering, or other elements. Therefore, the Court cannot discern what portion of the jury's damages award against Razo is attributable to Hernandez's life care plan. Poveda

argued at the hearing that the jury's award against Razo also covered injury caused by Poveda, directing the Court's attention to the sentence instructing the jury that the damages awarded "must be fair compensation for ***all*** of Plaintiff Hernandez's damages, no more and no less" (Dkt. 177, at 8) (emphasis added). However, this sentence cannot be read to include injuries caused by Poveda in the jury's damages award given, first, the explicit accompanying instruction to assess damages against only Preischel or Razo (*id.*) and, second, the Court's response to the jury's note, which explained that Poveda was "not a part of this trial" (Dkt. 174).

Having carefully considered all elements of damages requested against Poveda, including a life care plan and pain and suffering, the Court awards damages against Poveda in the amount of $800,000.

**C. Attorneys' Fees**

Hernandez seeks attorneys' fees of $37,371.30 for 141 hours of work over four years (Dkt. 188, at 2-5). A court in its discretion may allow a prevailing party in a civil-rights action under 42 U.S.C. §1983 to recover a reasonable attorneys' fees as part of costs. 42 U.S.C. § 1988(b). In an action brought by a prisoner, attorneys' fees shall not be awarded unless (a) "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [42 U.S.C. § 1988]"; and, (b) either "(i) the amount of the fee is proportionately related to the court ordered relief for the violation" or "(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1); *see Luna v. Lowe*, 277 F.3d 1372 (5th Cir. 2001) (the attorney fee provision of § 1997e(d)(1)

applies to civil rights actions under § 1983). The award may not be based on an hourly rate "greater than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3).

In the Fifth Circuit, "attorneys' fees are calculated by the lodestar method—multiplying the number of hours reasonably expended by an appropriate hourly rate." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020); *see Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974); *Cole v. Collier*, No. 4:14-CV-1698, 2018 WL 2766028, at *13 (S.D. Tex. June 8, 2018). A court may then apply a multiplier to the lodestar, adjusting it either upward or downward, based on the twelve *Johnson* factors. *Strong v. BellSouth Telecommunications, Inc.* 137 F.3d 844, 850 (5th Cir. 1998).

Here, Hernandez brought his claims under § 1983 and thus is entitled to reasonable attorneys' fees under § 1988. He submits his counsel's affidavit stating that the fees submitted are for legal services that were actually and necessarily performed and that they are reasonable under the circumstances (Dkt. 188-1, at 4). Counsel further states that the fees are proportionately related to the relief for the violation at issue because they were incurred only to prosecute Hernandez's claims against Poveda, and not those against Razo or Preischel (*id.* at 2-3).

Having considered all matters of record, the Court determines that a total of 141 hours worked by counsel over four years, in addition to 13.5 hours by paralegals over the same period, is a reasonable expenditure of time to prosecute Hernandez's claims against Poveda. *See* Dkt. 188-1 (counsel's affidavit); Dkt. 188-2 (time records). The Court further determines that an hourly rate of 150 percent of the statutory rate for court-appointed

counsel is reasonable.[4] A rate of $125/hour for paralegal work also is reasonable.[5] Hernandez has not requested that the Court adjust the lodestar based on the *Johnson* factors.

Having found both the hours expended and the submitted hourly rates to be reasonable, the Court awards Hernandez's requested attorneys' fees of $37,371.30.

**D. Costs**

Hernandez seeks an award of costs in the amount of $2,302.63 (Dkt. 188, at 5-8). Rule 54(d) "creates a strong presumption in favor of awarding costs to a prevailing party" and a court may not deny or reduce a prevailing party's request for costs "without first articulating some good reason for doing so." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (cleaned up). A prevailing party "is *prima facie* entitled to costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (cleaned up); *see Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015) ("If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed"). A prevailing party may recover costs under 28 U.S.C. § 1920 and, under 42 U.S.C. § 1988, "may also recover all

---

[4] *See* 42 U.S.C. § 1997e(d)(3); 18 U.S.C. § 3006A; *Cole*, 2018 WL 2766028, at *15 n. 9 ("Most courts use the maximum authorized CJA rates, rather than the rate actually paid to court-appointed counsel"); *see also* Payment Rates, Southern District of Texas, available at https://www.txs.uscourts.gov/page/payment-rates (last visited Sept. 30, 2024) (reflecting CJA rates of $155/hour for 2021; $158/hour for 2022; $164/hour for 2023; and $172/hour for 2024).

[5] *See, e.g.*, *United States v. Health Mgmt. Sys., Inc.*, No. 4:21-CV-02024, 2024 WL 3392332, at *5 (S.D. Tex. May 23, 2024) (finding a paralegal rate of $235/hour reasonable); *Miniex v. Houston Hous. Auth.*, No. CV 4:17-0624, 2019 WL 4920646, at *6 (S.D. Tex. Sept. 13, 2019) (finding paralegal rate of $165/hour reasonable), *judgment entered*, No. CV 4:17-00624, 2019 WL 10892215 (S.D. Tex. Sept. 16, 2019)

reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone because they are part of the costs normally charged to a fee-paying client." *DeLeon v. Abbott*, 687 F. App'x 340, 342 (5th Cir. 2017) (cleaned up); *see* 28 U.S.C. § 1920 (permitting recovery of costs including clerk fees, transcript fees, printing fees, and docket fees).

Hernandez seeks $2,302.63 for research expenses, court costs, and service fees (Dkt. 188-3). The Court in its discretion determines that these costs are reasonable and awards Hernandez, as the prevailing party, $2,302.63.

## IV. CONCLUSION

For the reasons stated above the Court now **ORDERS** as follows:

1. Hernandez's motions for default judgment (Dkt. 108; Dkt. 188) are **GRANTED** and final judgment by default will be entered against Poveda in the amount of $800,000.
2. Hernandez is awarded reasonable attorneys' fees in the amount of $37,371.30,
3. Hernandez is awarded costs in the amount of $2,302.63.
4. Hernandez may recover post-judgment interest to the date of payment at a rate of 3.95%.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 30, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE