United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:18-2856 |
| | § | |
| MANUEL POVEDA, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## REGARDING FEES AND COSTS THROUGH SEPT. 30, 2024

Plaintiff Mark Hernandez, formerly an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), is represented by court-appointed counsel. Hernandez filed a motion for attorneys' fees and costs (Dkt. 198) incurred during the prosecution of his claims against defendant Edgar Razo for the period ending September 30, 2024. The motion is ripe for decision. Having considered the motion and related briefing, the *in camera* submission of unredacted billing records, the applicable authorities, and all matters of record, the Court will **grant** fees to Hernandez in the amount of $416,217.20 and costs in the amount of $20,814.16.

The plaintiff's motion to strike Razo's sur-reply (Dkt. 220) will be **granted** and Razo's motion for leave to file a sur-reply (Dkt. 221) will be **denied**. Razo's motion to strike Hernandez's supplement (Dkt. 238) will be **granted** and Hernandez's motion for leave to file the supplement (Dkt. 239) will be **denied**. However, the Court will **grant** leave for Hernandez to submit his request for fees and costs on appeal as a new motion within 14 days of the date of this order. The Court's reasons are explained below.

## I.    <u>BACKGROUND</u>

Hernandez filed this suit while incarcerated and initially proceeded *pro se*. He alleged that three TDCJ officials used excessive force against him in violation of the Eighth Amendment.   On September 17, 2021, the Court appointed *pro bono* counsel to represent him (Dkt. 42).

On April 25, 2024, the Clerk entered default against one defendant, Manuel Poveda, Jr.  (Dkt. 96).  On September 20, 2024, a jury returned a verdict regarding the other two defendants, finding that Brady Preischel was not liable, that Edgar Razo was liable, and awarding damages of $780,000 against Razo (Dkt. 178).  The Court entered final judgment on September 30, 2024, which included a default judgment against Poveda in the amount of $800,000.  In the same order, the Court awarded Hernandez attorneys' fees in the amount of $37,371.30 and costs of $2,302.63 for prosecution of his claims against Poveda (Dkt. 192; Dkt. 193).

Hernandez's pending motion requests fees in the amount of $422,114.60 and costs of $20,814.16 incurred during prosecution of his claims against Razo (Dkt. 198; *see* Dkt. 198-1 (counsel's affidavit); Dkt. 198-2 (redacted billing records); Dkt. 198-3 (redacted costs)). The request covers the beginning of counsel's representation through September 30, 2024, when the Court entered final judgment.  Razo responded in opposition (Dkt. 217), arguing that the fee award should be reduced on multiple grounds, including the hourly rates sought, vague billing entries, block-billed entries, and overbilling.  Hernandez replied (Dkt. 218) and Razo filed a sur-reply (Dkt. 219).  Hernandez then filed a motion to strike

the sur-reply (Dkt. 220), and Razo filed a motion for leave to file the sur-reply (Dkt. 221), to which Hernandez responded in opposition (Dkt. 222).

On August 4, 2025, the Fifth Circuit affirmed the judgment (Dkt. 234; Dkt. 235). On August 26, 2025, the Court ordered the plaintiff to submit an unredacted copy of his records for billing and costs for *in camera* review (Dkt. 236).

On September 9, 2025, Hernandez submitted the unredacted records *in camera*. On the same day, he filed a supplement (Dkt. 237) to his motion for fees and costs, which requests an additional $112,043.25 in fees and $3,061.49 in costs incurred on appeal. *See* Dkt. 237-1 (counsel's affidavit); Dkt. 237-2 (redacted billing records); Dkt. 237-3 (redacted costs). Razo moved to strike the supplement (Dkt. 238), and Hernandez then moved for leave to file the document (Dkt. 239).

## II.    LEGAL STANDARDS

A court in its discretion may allow a prevailing party in a civil-rights action under 42 U.S.C. §1983 to recover a reasonable attorneys' fees as part of costs. 42 U.S.C. § 1988(b). In an action brought by a prisoner, attorneys' fees shall not be awarded unless (a) "the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [42 U.S.C. § 1988]"; and, (b) either "(i) the amount of the fee is proportionately related to the court ordered relief for the violation" or "(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation." 42 U.S.C. § 1997e(d)(1); *see Luna v. Lowe*, 277 F.3d 1372 (5th Cir. 2001) (the attorney fee provision of § 1997e(d)(1) applies to civil rights actions under § 1983). The award may not be based on an hourly rate "greater

than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3).

In the Fifth Circuit, "attorneys' fees are calculated by the lodestar method—multiplying the number of hours reasonably expended by an appropriate hourly rate." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020); *see Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974); *Cole v. Collier*, No. 4:14-CV-1698, 2018 WL 2766028, at *13 (S.D. Tex. June 8, 2018). The court must exclude "hours that are excessive, duplicative, or inadequately documented." *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 326 (5th Cir. 2023) (cleaned up). The court then may then apply a multiplier to the lodestar, adjusting it either upward or downward, based on the twelve *Johnson* factors. *Strong v. BellSouth Telecommunications, Inc*. 137 F.3d 844, 850 (5th Cir. 1998).

Regarding costs, Rule 54(d) "creates a strong presumption in favor of awarding costs to a prevailing party" and a court may not deny or reduce a prevailing party's request for costs "without first articulating some good reason for doing so." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (cleaned up). A prevailing party "is *prima facie* entitled to costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (cleaned up); *see Tempest Publ'g, Inc. v. Hacienda Recs. & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015) ("If the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed"). A prevailing party may recover costs under 28 U.S.C. § 1920 and, under 42 U.S.C. § 1988, "may also recover all reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone because they are part of the costs

normally charged to a fee-paying client." *DeLeon v. Abbott*, 687 F. App'x 340, 342 (5th Cir. 2017) (cleaned up); *see* 28 U.S.C. § 1920 (permitting recovery of costs including clerk fees, transcript fees, printing fees, and docket fees).

## III.   <u>ANALYSIS</u>

Hernandez timely filed his motion for fees and costs within 14 days of the final judgment.  *See* Fed. R. Civ. P. 54(d)(2).   The parties agree that 25% of the jury's award against Razo, or $195,000, should be applied to satisfy an award of fees from this Court. *See* 42 U.S.C. § 1997e(d)(2); *Murphy v. Smith*, 583 U.S. 220 (2018).

### A.   <u>Attorneys' Fees</u>

As held previously (Dkt. 192), Hernandez is entitled to recover fees under 42 U.S.C. § 1988 because he is a prevailing party in a civil rights action under 42 U.S.C. § 1983.  As the party seeking fees, Hernandez "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415-16 (5th Cir. 2022).  Although fees may not be awarded for services on an unsuccessful claim, when the claims "share a common core of facts or related legal theories [with a successful claim], a fee applicant may claim all hours reasonably necessary to litigate those issues."  *Id.* at 416 (cleaned up).  "The applicant should exercise 'billing judgment' with respect to hours worked . . .  and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Hensley*, 461 U.S. at 437.

The Supreme Court has instructed that "the determination of fees should not result in a second major litigation" and that a trial court may "do rough justice" in shifting fees:

> The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (cleaned up).

In cases with submissions of redacted billing records, a court's *in camera* review of an unredacted version of the records is a proper method for the court to determine the number of hours reasonably expended. *See*, *e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.,* No. 4:14-CV-00371, 2018 WL 1602460, at *1 (E.D. Tex. Apr. 3, 2018); *Nat'l Fitness Co. v. ProCore Lab'ys, LLC*, No. 3:11-CV-1352-L, 2013 WL 4546860, at *3 (N.D. Tex. Aug. 28, 2013); *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *7 (S.D. Tex. June 25, 2013).

### 1. Fees Directly and Reasonably Incurred

Hernandez requests fees in the amount of $ 422,114.60 for the prosecution of his claims against Razo through September 30, 2024. The fee request covers a total of 1,742.10 hours billed by ten timekeepers over four years (Dkt. 198, at 7-8 & n.7; Dkt. 198-1, at 6-7). The Court must first ascertain the compensable hours reasonably spent by counsel in bringing claims against Razo, excluding hours that are excessive, duplicative, or inadequately documented. *See CEATS*, 71 F.4th at 326.

Hernandez submits his counsel's affidavit stating that the fees submitted are for legal services that were actually and necessarily performed and that they are reasonable under the circumstances (Dkt. 198-1, at 9).   He argues that the fees sought were "directly and reasonably incurred in proving Razo violated [his] rights," *see* 42 U.S.C. § 1997e(d)(1), because they cover necessary work including the following:

> (1) drafting written discovery; (2) compelling responses and production of records; (3) retaining an expert witness; (4) deposing the defendants; (5) deposing and defending expert depositions; (6) responding to Defendants' motion for summary judgment; (7) filing and responding to motions to exclude experts; (8) preparing and responding to pretrial motions; (9) preparing for and attending pretrial hearings; (10) preparing for and attending to other pretrial matters; (11) performing research related to claims, defenses, and strategy; . . . (12) strategizing and preparing for trial, including preparing exhibits, compiling witness notebooks, and trial notebooks for the Court; and (13) attending trial.

(Dkt. 198, at 8-9 (citing Dkt. 198-1, at 4)).   The request excludes 104.2 hours that counsel expended drafting their unsuccessful motion for partial summary judgment or deposing Preischel, as well as hours worked by one attorney before his formal appearance in the case (Dkt. 198-1, at 7-8).

Hernandez's counsel avers that she made multiple attempts to settle this litigation at various stages of this litigation but that the defendants "foreclosed settlement discussions by refusing to provide counteroffers, refusing to attend mediation, and ultimately offering what amounted to less than 1% of the jury's verdict" (*id*. at 4).   She also proposed a bench trial to save time and expense, but states that opposing counsel did not consent (*id.* at 5-6). On September 10, 2024, one week before trial began, Hernandez made another settlement offer for "materially less than the ultimate judgment" in order to avoid the expense of trial,

but counsel states that the defendants "only re-offered the prior 'nuisance payment'" (*id.* at 6).  From that date through the conclusion of trial on September 20, the plaintiff's legal team worked 480 hours, accounting for approximately 25% of their total fee request in this case (*id.*; Dkt. 198-2, at 51-55). [1]   The response does not directly contest any of these points.

Razo argues that Hernandez's counsel failed to exercise sound billing judgment, and that the total award should be reduced, for three reasons: (1) the billing entries are vague; (2) counsel used block-billed entries; and (3) counsel overbilled.  The Court addresses each in turn.

### a.    Vague Billing Entries

Razo objects to the plaintiff's billing entries as vague, citing authorities holding that a court may properly reduce or eliminate hours when the submission is too vague to permit meaningful review by the court (Dkt. 217, at 3 (citing, *inter alia*, *Leroy v. City of Houston*, 906 F.2d 1068, 1080 (5th Cir. 1990)).  He provides a long list of billing entries that were heavily redacted and argues that the redactions prevent the Court from determining whether

---

[1]    Counsel also states that Hernandez was "required to prosecute his claims against Razo to the fullest" due to the defendants' "intransigence" and that additional litigation was required because of defense counsel's litigation tactics. *See* Dkt. 198, at 3 (listing examples); *see, e.g.*, Dkt. 198-1, at 4-5 (counsel states that she conferred with opposing counsel regarding an expert, Dr. Zae Zeon, because the defense had not submitted an expert designation or an expert report and, after fruitless discussions, expended time drafting a motion to exclude and conducting *voir dire* at trial); *id.* at 5 (counsel states that after opposing counsel did not produce Dr. Paul Hindmon for a deposition, she drafted a motion to exclude his testimony); *see also* Dkt. 150 (docket call rulings regarding Dr. Zeon and Dr. Hindmon); Dkt. 210, at 145-48 (trial transcript reflecting the Court's exclusion of Dr. Zeon's opinion testimony).

the work was necessary to the prosecution of claims against Razo or whether counsel double-billed for claims against other defendants (*id*. at 3-5).

This objection is fully remedied by Hernandez's *in camera* submission on September 9, 2025, which provides sufficient information for the Court to determine that the fees requested were directly and reasonably incurred in proving an actual violation of the plaintiff's rights by Razo.

### b.    Block-Billed Entries

Razo objects to block-billed entries by Hernandez, *i.e*., entries with the total daily time spent on a case, arguing that the entries do not enable the Court to determine how much time was devoted to each task on that day and thus whether the time was reasonable (Dkt. 217, at 6).  This argument is supported by a long list of entries that were heavily redacted (*id*. at 7-8).

"Block-billed entries do not preclude a fee award, as long as the evidence produced is adequate to determine reasonable hours." *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, No. CV H-14-1368, 2020 WL 821879, at *11 (S.D. Tex. Feb. 19, 2020) (cleaned up).  Here, Hernandez's *in camera* submission of unredacted records provides detailed narratives permitting the Court to determine that the block-billed entries request fees that were reasonably necessary to the prosecution of claims against Razo.

### c.    Overbilling

Razo argues that Hernandez overbilled and the requested hours should be reduced (Dkt. 217, at 9-10).  As examples, he cites to the billing entries for the trial dates, noting that members of Hernandez's legal team billed time for attending and preparing for trial

exceeding the total duration of proceedings for each day (Dkt. 217, at 9-10). He submits partial transcripts of proceedings in this case, showing time entries for court proceedings and recesses (Dkt. 217-1; Dkt. 217-2; Dkt. 217-3; Dkt. 217-4; Dkt. 217-5). He argues that a reduction is appropriate but that he cannot determine the proper amount of reduction due to the anonymity of the time keepers and the redactions (Dkt. 217, at 10).

As above, the *in camera* submission permits the Court to identify the timekeepers and to examine an unredacted version of the billing entries. Because preparation before trial proceedings and work during trial recesses are reasonable, the Court in its discretion will not limit fees during trial to the actual time of court proceedings. *See Fox*, 563 U.S. at 838 (essential goal in shifting fees is to do rough justice, not achieve perfection). Additionally, although Razo raises concerns about travel time and clerical work (Dkt. 217, at 14-16), the Court found no such non-compensable fees in its review of the unredacted records.

However, the Court noted in its review of *in camera* submission that Hernandez seeks to recover fees related to service of process on Poveda, totaling 22.6 attorney hours in 2022 and 2.2 attorney hours in 2023 (Dkt. 198-2, at 7-8). Because these fees pertain to Poveda and not Razo, the Court will deduct these hours from the total fees awarded.

### 2. Lodestar Calculation

An award of fees may not be based on may not be based on an hourly rate "greater than 150 percent of the hourly rate established under [18 U.S.C. § 3006A] for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Hernandez requests an hourly rate of 150 percent of the statutory rate for attorneys and a rate of $125/hour for paralegals.

Although Razo contests the reasonableness of the rate, the maximum authorized rate is commonly awarded.  *See Cole*, 2018 WL 2766028, at *15 n. 9 ("Most courts use the maximum authorized CJA rates, rather than the rate actually paid to court-appointed counsel"). As in its previous opinion (Dkt. 192), the Court determines that an hourly rate of 150% of the statutory rate for court-appointed counsel is reasonable in this case.  At 150%, the rates for each year are $232.50/hour for 2021; $237/hour for 2022; $246/hour for 2023; and $258/hour for 2024.[2] A rate of $125/hour for paralegal work also is reasonable.[3]

Hernandez has not requested that the Court adjust the lodestar based on the *Johnson* factors (Dkt. 218, at 2).  The Court therefore need not address Razo's arguments regarding adjustments to the lodestar.

Having considered all matters of record and found the majority of the hours expended by counsel to be reasonable, and the submitted hourly rates to be reasonable, the Court awards Hernandez attorneys' fees of $ 416,217.20.[4]  This amount represents the total

---

[2]    *See* Payment Rates, Southern District of Texas, available at https://www.txs.uscourts.gov/page/payment-rates (last visited Sept. 26, 2025) (reflecting CJA rates of $155/hour for 2021; $158/hour for 2022; $164/hour for 2023; and $172/hour for 2024).

[3]    *See, e.g.*, *United States v. Health Mgmt. Sys., Inc.*, No. 4:21-CV-02024, 2024 WL 3392332, at *5 (S.D. Tex. May 23, 2024) (finding a paralegal rate of $235/hour reasonable); *Miniex v. Houston Hous. Auth.*, No. CV 4:17-0624, 2019 WL 4920646, at *6 (S.D. Tex. Sept. 13, 2019) (finding paralegal rate of $165/hour reasonable), *judgment entered,* No. CV 4:17-00624, 2019 WL 10892215 (S.D. Tex. Sept. 16, 2019).

[4]    The plaintiff requested fees for 21.2 hours billed in 2021; 89.8 hours billed in 2022; 50.7 hours billed in 2023; and 1,580.5 hours billed in 2024 (Dkt. 198, at 10-11).

requested amount of $422,114.60, reduced by $5,897.40 for fees requested that were incurred in connection with service of process on Poveda.[5]

### B.    Costs

Hernandez requests costs in the amount of $20,814.16, supported by redacted business records (Dkt. 198-3).  He submitted an unredacted copy of the records to the Court for *in camera* review.   He seeks to recover costs including legal research, filing fees, deposition expenses, and copies, the majority of which were incurred between June 2024 and the trial in September 2024.

As stated above, Rule 54(d) "creates a strong presumption in favor of awarding costs to a prevailing party" and a court may not deny or reduce a prevailing party's request for costs "without first articulating some good reason for doing so."   *Long*, 807 F.3d at 128. Razo objects without elaboration to the plaintiff's requests for research expenses, secretarial overtime on two dates in August and September 2024, and business meals. These objections are inadequate to overcome the strong presumption that the plaintiff, as prevailing party, is entitled to recover his costs.  *See id*.

Razo also objects to a requested cost of $19,500 in expert witness fees for Dr. Anigbogu (*see* Dkt. 198-3, at 7). However, the plaintiff represents that his counsel inadvertently failed to redact this expense and that he does not seek to recover this amount

---

[5]    The Court has deducted 22.6 attorney hours billed in 2022 ($237/hour for 22.6 hours totals $5,356.20) and 2.2 attorney hours billed in 2023 ($246/hour for 2.2 hours totals $541.20).  The total reduction thus is $5,897.40.

(Dkt. 218, at 10). Because the $19,500 expense for expert fees is not included in the plaintiff's total request of $20,814.16, the Court need not address this issue.

The Court in its discretion determines that the requested costs are reasonable and awards Hernandez, as the prevailing party, $20,814.16 in costs for the period ending on September 30, 2024.

### C.    Sur-reply (Motions to Strike and for Leave to File)

Razo filed a sur-reply in opposition to fees and costs (Dkt. 219) without seeking leave to file. The plaintiff moved to strike the sur-reply (Dkt. 220). Razo then moved for leave to file the sur-reply (Dkt. 221) and the plaintiff responded in opposition (Dkt. 222).

The Fifth Circuit has recently held that sur-replies are "heavily disfavored" when a reply brief raises no new arguments. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235-36 (5th Cir. 2020). This Court's procedures also state that sur-replies should not be filed without leave and that the Court "will usually decline to consider such additional briefing." Court Procedures for Hon. George C. Hanks, Jr., at 8, § 6(c)(4), available at https://www.txs.uscourts.gov /sites/txs/files/GCH_Court_Procedures.pdf. However, "a district court abuses its discretion when it denies a party the opportunity to file a sur-reply in response to a reply brief that raised new arguments and then relies solely on those new arguments it its decision." *RedHawk*, 836 F. App'x at 235.

Here, although Razo's motion for leave to file the sur-reply states that the reply had raised "new and significant arguments pertaining to billing judgment and block-billing," the motion does not identify any such arguments (Dkt. 221, at 1). The proposed sur-reply

makes arguments regarding billing judgment, vague billing entries, block-billed, and overbilling, all of which were raised in his response. On this basis, the Court will strike the sur-reply and deny Razo's request for leave to file the document.

Additionally, although Razo argues in the sur-reply that an *in camera* submission impedes his ability to object to improper billing entries, his response argued extensively for reduction of fees on multiple grounds, including fees not attributable to the plaintiff's claims against Razo, vague billing entries, overbilling, and others. The Court has thoroughly considered these arguments when conducting its review of the unredacted submissions and in assessing the fees and costs award above, and reduced the award accordingly.[6] The Court's rulings in this opinion would be the same whether or not it considered the proposed sur-reply.

### D. Supplement (Motions to Strike and for Leave to File)

On September 9, 2025, Hernandez filed a supplement (Dkt. 237) seeking attorneys' fees and costs incurred on appeal. Razo moved to strike the supplement (Dkt. 238), relying on the same section of this Court's procedures cited above, which state that a supplement should not be filed without leave of court. Court Procedures for Hon. George C. Hanks, Jr., at 8, § 6(c)(4), available at https://www.txs.uscourts.gov/sites/txs/files/

---

[6]    The proposed sur-reply also argues that *in camera* review is insufficient and untimely because all documentation should have been submitted within 14 days of judgment (Dkt. 219, at 2-3 (citing Fed. R. Civ. P. 54(d)(2)(B)(i)). Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment." Here, Hernandez timely filed his motion under Rule 54 and contemporaneously submitted his supporting, redacted documents. The Court then ordered Hernandez to submit unredacted copies of the previously submitted records for *in camera* review, and Hernandez timely complied. These submissions were timely under Rule 54(d).

GCH_Court_Procedures.pdf.  Razo also states that Hernandez did not confer about the supplement and that he must be given a chance to respond.  Hernandez then filed a motion for leave to file the document (Dkt. 239), stating that his failure to seek leave before filing the supplement was inadvertent.

Pursuant to the Court's procedures, Razo's motion to strike will be granted.  The Court in its discretion denies Hernandez leave to file the request for fees and costs on appeal as a supplement to his prior motion.  However, the Court will grant Hernandez leave to submit his request for fees and costs on appeal as a new motion, supported by business records and a copy of unredacted records for *in camera* review.[7]  Hernandez's new motion must be filed within 14 days of the date of this order and must clearly state, separately for each timekeeper, the number of hours expended in each year.  Razo then may respond, and Hernandez may file a reply, under normal briefing deadlines.

## IV.    <u>CONCLUSION</u>

For the reasons stated above the Court now **ORDERS** as follows:

1.  Hernandez is awarded reasonable attorneys' fees in the amount of $ 416,217.20 for the period ending September 30, 2024.

2.  As provided by 42 U.S.C. § 1997e(d)(2) and agreed by the parties, 25% of the jury award against Razo ($195,000) must be used to satisfy the fee award.

---

[7]    Although final judgment has been entered in this case, the Court maintains inherent supervisory powers to consider collateral issues such as fees and costs. *Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 568–69 (5th Cir. 2020); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291-92 (5th Cir. 2016) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

3. Hernandez is awarded costs in the amount of $20,814.16 for the period ending September 30, 2024.

4. Hernandez may recover post-judgment interest to the date of payment at the appropriate post-judgment interest rate. *See* Post-Judgment Interest Rates | Southern District of Texas, available at https://www.txs.uscourts.gov/page/post-judgment-interest-rates (last visited Sept. 29, 2025).

5. Hernandez's motion to strike Razo's sur-reply (Dkt. 220) is **GRANTED**.

6. Razo's motion for leave to file his sur-reply (Dkt. 221) is **DENIED**.

7. Razo's motion to strike Hernandez's supplement (Dkt. 238) is **GRANTED**.

8. Hernandez's motion for leave to file his supplement (Dkt. 239) is **DENIED**. However, the Court **GRANTS** Hernandez leave to file his request for appellate fees and costs as a new motion **within 14 days** of the date of this order. Razo may then respond, and Hernandez may reply.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____September 29_____, 2025.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE